### PARK & TILFORD v. UNITED STATES.

(Circuit Court, S. D. New York. November 5, 1908.)

No. 5,263.

1. CUSTOMS DUTIES (§ 30*)—CLASSIFICATION—"CHUTNEY"—"PRESERVED FRUIT"—"EDIBLE FRUITS * * * PREPARED."

The article commercially known as "chutney," which consists of various fruits preserved with sugar and spices, is dutiable as "fruits preserved," under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 263, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1651), rather than as "edible fruits * * * prepared," under paragraph 262, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1651).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 30.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2.** CUSTOMS DUTIES (§ 30\*)—COMMERCIAL DESIGNATION—"FRUITS PRESERVED."
The article commercially known as "chutney" does not, by reason of such designation, cease to be "fruits preserved," within the meaning of Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 263, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1651).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 30.\*]

On Application for Review of a Decision of the Board of United States General Appraisers.

The Board of General Appraisers affirmed the assessment of duty by the collector of customs at the port of New York. The Board's opinion is as follows:

WAITE, General Appraiser. The merchandise in question consists of various fruits preserved with sugar and spices, commercially known as "chutney." In Abstract 13,660 (T. D. 27,745), following G. A. 4,979 (T. D. 23,293), the Board passed upon similar goods, holding them to be properly dutiable as assessed in this case, at 1 cent per pound and 35 per cent. ad valorem, under the provision in paragraph 263, Tariff Act of 1897, Act July 24, 1897, c. 11, § 1, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1651), for "fruits preserved in sugar, molasses, spirits, or in their own juices." Appeal was taken from the Board's decision to the Circuit Court for the Southern District of New York; the importers claiming that the chutney was dutiable under paragraph 241, 30 Stat. 170 (U. S. Comp. St. 1901, p. 1649), relating to "vegetables, prepared or preserved, including pickles and sauces of all kinds." That appeal has recently been abandoned by the importers, leaving the Board's decision to govern.

In this case now before us the importers make the claim that duty should have been assessed under section 6, or under the provision in paragraph 262 for "edible fruits, prepared in any manner, not specially provided for." In support of this latter contention the importers argue that the goods, being commercially known as "chutney," are therefore not commercially known as preserved fruits, or as preserves, and hence not within the purview of paragraph 263, as that paragraph has been construed by the United States Circuit Court of Appeals in the case of Causse Manufacturing Co. v. U. S., 151 Fed. 4, 80 C. C. A. 461, T. D. 27,751. In that case it was stated that paragraph 263 "is intended to apply to fruits which have been 'preserved'—that is, treated so as to become a preserve or comfit, and not to such as merely remain temporarily in their natural juices." In G. A. 6,726 (T. D. 28,799) the Board has recently discussed the Causse Case, reaching the conclusion that the logical construction of that decision warrants attaching to paragraph 263 a comprehensiveness broad enough to include the very class of products of which this chutney is typical.

Following the reasoning laid down in the decision last cited, this protest is overruled, and the collector's assessment is affirmed.

B. A. Levett, for importers.
D. Frank Lloyd, Asst. U. S. Atty.

MARTIN, District Judge (orally). The merchandise in question consists of various fruits preserved with sugar and spices, commercially known as "chutney." The return for duty was made under paragraph 263 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651]). That paragraph provides:

"Comfits, sweetmeats, and fruits preserved in sugar, molasses, spirits, or in their own juices, not specially provided for in this act, one cent per pound and thirty-five per centum ad valorem. \* \* \*"

It is contended by the importer that the duty should have been assessed either at 2 cents per pound under paragraph 262 for "edible fruits * * * prepared in any manner, not specially provided for," or, if not so dutiable, then at 20 per cent. ad valorem under section 6 of said act (30 Stat. 265 [U. S. Comp. St. 1901, p. 1693]) as "unenumerated manufactured articles." No question is made but what this merchandise consists of fruits preserved with sugar and spirits. I cannot conceive that the word "spices" changes its classification at all. In fact, it was not so claimed on the hearing by counsel for the importer.

It is claimed that the finding by the appraisers that this article is commercially known as "chutney" takes it out of the provisions of paragraph 263 and is not to be regarded as a preserved fruit. The article seems to be preserved fruit just the same, whatever name may be given to it by the party who prepared it. Cases cited by counsel for the importer relative to constructions that may be given to certain schedules, as affected by commercial usage or how the same may be commercially known, do not, in my opinion, apply to the case at bar. It seems to me that paragraph 263 squarely describes the merchandise in question.

The decision of the Board of General Appraisers is affirmed.